"The defendant was under no obligation to issue a commission to examine this witness, who was not in its employ and was employed and sojourning, if not residing, in another state. Furthermore, it does not appear that he saw the accident or could have given any material evidence."

The cases are numerous which hold that an inference that the testimony of a witness would be unfavorable to a party who fails to call him can only be drawn when it is shown that such witness can give material evidence, not merely cumulative (Fitzpatrick v. Woodruff, 47 Super Ct. Rep. 439; McGuire v. Hartford Fire Ins. Co., 7 App. Div. 575, 40 N. Y. Supp. 300; Baldwin v. Bklyn Hgts. R. Co. (Sup.) 91 N. Y. Supp. 59); that he is under the control of, or is an employé, friend, or relative of such party, or whose attendance might have been procured by means of a subpœna (People v. McWhorter, 4 Barb. 438; Robinson v. Met. St. Ry. Co., 103 App. Div. 243, 92 N. Y. Supp. 1010). The charge as given amounted substantially to this: That, if a party fails to call a witness who can give material testimony, the jury might consider that had such witness been called his testimony would be adverse to the party who failed to call him, and then to characterize the absent motorman as such a witness, and charging that the defendant might have procured his testimony by means of a commission. The defendant preserved its right by excepting to the charge thus given. The presumption is that error produces prejudice, and it must appear beyond doubt that the error could not prejudice. Union Ry. Co. v. Field (C. C. A.) 137 Fed. 14. The testimony is not so greatly in favor of the plaintiff as to enable us to say that this portion of the charge did not materially influence the result, and a new trial should be ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(48 Misc. Rep. 630)

CASNER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. November 29, 1905.)

1. APPEAL—DECISIONS REVIEWABLE—DISCRETIONARY ACTION.
　　Appellate courts are generally indisposed to overrule the exercise by the trial justice of the discretionary power given him by Code Civ. Proc. § 999, to set aside a verdict as against the evidence.
　　[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 3871–3874.]

2. NEW TRIAL—SETTING ASIDE VERDICTS—TERMS.
　　An order setting aside a verdict as against the weight of the evidence should be granted only upon condition that the moving party pay the costs.
　　[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 322.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Delia Casner against the New York City Railway Company. From an order setting aside a verdict, defendant appeals. Modified.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

William E. Weaver, for appellant.
Frank Herwig, for respondent.

SCOTT, P. J In this action the jury rendered a verdict for the defendant. A motion was made at the close of the trial to set aside the verdict upon all the grounds specified in section 999 of the Code of Civil Procedure, and particularly on the ground that the verdict was contrary to the evidence and the law and the facts, and against the weight of the evidence. Argument on the motion was postponed for a few days, and in the meantime judgment was entered in favor of the defendant for $30 costs. Some days afterwards the motion to set aside the verdict was granted, and an order entered setting aside the verdict, vacating the judgment entered thereon, and setting the cause down for retrial. The order does not state the particular ground upon which it was granted, but an examination of the record shows that it must have been because, in the opinion of the justice, the verdict was against the evidence.

The action was for an assault committed on plaintiff by one of defendant's conductors. Three witnesses to the occurrence, including herself, were called by plaintiff. None were called by defendant. Obviously the jury disbelieved plaintiff and her witnesses, and there certainly were circumstances which invited such unbelief. The justice who presided at the trial had, however, the advantage of seeing the witnesses, and was therefore in a much better position than we are to determine whether or not the verdict should stand. Appellate courts are generally indisposed to overrule the exercise by the trial justice of his discretionary power to set aside a verdict as against the evidence, and the present record would not warrant a departure from the usual practice.

The justice granted the order, however, without terms. The rule is that an order setting aside a verdict as against the weight of the evidence should be granted only upon condition that the moving party shall pay costs. To this rule there are few exceptions, and this case does not present one. The plaintiff was, to put it mildly, disingenuous in the preparation of her bill of particulars. She was asked to give the number of the conductor, in reply to which she stated that she was "unable to state under oath" the number. Strictly, perhaps, this statement was true, but in effect it was misleading, for her attorney's managing clerk had been informed of the number only 24 hours after the alleged assault occurred. So, when the attorney prepared and signed the bill of particulars, he at all events knew the conductor's number and could have given it, instead of preparing a misleading bill of particulars calculated, and no doubt designed, to prevent defendant from producing the conductor upon the trial. As it was, the defendant was obliged to go to trial without any witnesses. Such practice is not to be commended.

The order appealed from will therefore be modified, so as to impose

the payment of $30 costs upon plaintiff as a condition of setting aside the verdict and vacating the judgment, and, as modified, will be affirmed, without costs.

MacLEAN, J., concurs.  GILDERSLEEVE, J., taking no part.